## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**DENNIS CHAVEZ,**

    **Plaintiff,**

**v.**                                                                                                                **No. 13-cv-0557 WJ/SMV**

**CITY OF ALBUQUERQUE, PATRICK FICKE,**
**JOE CHRISTMAN, GLEN STOUT,**
**DONALD LOPEZ, and SHANE TURPEN,**

    **Defendants.**

## ORDER DENYING PLAINTIFF'S REQUEST
## FOR LIMITED DISCOVERY UNDER RULE 56(d)

THIS MATTER is before the Court on Plaintiff's request for discovery pursuant to Fed. R. Civ. P. 56(d). [Docs. 28, 33]. Plaintiff did not file a motion for the requested relief but, instead, raised it in his responses to Defendants' motion for summary judgment based on qualified immunity and Defendants' motion to stay pending ruling on qualified immunity. *Id.* In their replies to the motions (filed on January 17 and March 6, 2014, respectively), Defendants responded to Plaintiff's Rule 56(d) request. [Doc. 38, 46]. The oral argument on Plaintiff's Rule 56(d) request, set for March 5, 2014, was vacated by the Court for reasons unrelated to this matter. Both counsel agreed that oral argument was not needed, and the hearing was not reset. Having thoroughly reviewed and considered the record, the briefing on the motions for summary judgment and to stay, and the relevant law, the Court finds that Plaintiff's request is not well-taken and should be denied.

## Background

Plaintiff filed his First Amended Complaint in state court on May 23, 2013. [Doc. 1-1] at 1–14. He alleges that Defendants violated his civil rights by retaliating against him for making a complaint to Defendant law enforcement officer Ficke. Plaintiff alleges that in April or early May of 2010, an upholstery shop near Plaintiff's screen-printing business was raided by the police. *Id.* at 4. Plaintiff alleges that Defendant Ficke was present at that raid and searched several of Plaintiff's customers as they exited his shop. *Id.* Plaintiff alleges that he complained to Defendant Ficke and asked him to leave his customers alone because they were not involved with the upholstery shop. *Id.* Plaintiff alleges that Defendant Ficke told Plaintiff to "mind his business." *Id.*

Plaintiff alleges that in retaliation for Plaintiff's complaint to Defendant Ficke, Defendants Ficke and Lopez lied in two affidavits for search warrants for Plaintiff's business, which were executed on May 11, 2010, and March 24, 2011, respectively. *See id.* at 4, 8, 9–10 Plaintiff alleges that the officers executing the search warrants unnecessarily trashed his business and mistreated him physically, causing long-term pain. *Id.* at 10–12. Plaintiff further alleges that after the May 11, 2010 search of his business, Defendant Turpen, a fire department lieutenant, arbitrarily, capriciously, and pretextually used the municipal building code to close Plaintiff's business as retribution. *Id.* at 8, 12–13.

Defendants filed their answer on June 17, 2013. [Doc. 3]. They denied any wrongdoing and, *inter alia*, asserted the affirmative defense of qualified immunity. *Id.* at 14. Pursuant to an order by the previous referral judge, the Honorable Alan C. Torgerson, United States Magistrate

Judge,[1] the parties submitted their Joint Status Report and Provisional Discovery Plan [Doc. 13] ("JSR") on August 26, 2013. In the JSR, Defendants indicated their intention to move for summary judgment and for a stay of discovery. Judge Torgerson held a Rule 16 Scheduling Conference on September 13, 2013. [Doc. 15]. He set various deadlines, including that Plaintiff's expert report under Fed. R. Civ. P. 26(a)(2) was due by December 4, 2013, and that discovery would terminate on March 4, 2014. *Id.* at 2. Approximately three months later, on December 12, 2013, Defendants filed their motion for summary judgment based on qualified immunity, [Doc. 21], and their motion to stay, [Doc. 22]. Plaintiff responded to both motions, in relevant part, by arguing that he is entitled to discovery under Rule 56(d). [Docs. 28, 33]. The Court granted the motion to stay on February 26, 2014, subject to ruling on Plaintiff's Rule 56(d) request. [Doc. 43].

## **Standard**

The defense of qualified immunity not only shields from liability governmental employees who perform discretionary functions, but it also protects them from the burdens of trial, including discovery. *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004). Supreme Court and Tenth Circuit precedent make clear that when governmental employees file a motion based on qualified immunity, all discovery should be stayed pending disposition of the motion. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Jiron*, 392 F.3d at 414. The failure to stay discovery robs the defendant of the very benefit of the qualified immunity defense.

---

[1] After Judge Torgerson's retirement, I was assigned to the case on February 21, 2014. [Doc. 40].

3

There exists, however, a narrow exception to the discovery stay.  When a party or counsel contends that limited discovery is necessary to allow him to respond to the pending motion, he may file a Fed. R. Civ. P. 56(d) motion and affidavit.

> To invoke the shelter that rule 56(d) provides, a party must (i) file an affidavit; (ii) identify the probable facts not available, their relevance, and what steps have been taken to obtain those facts; (iii) explain why facts precluding summary judgment cannot be presented; and (iv) state with specificity how the desired time would enable the nonmoving party to meet its burden in opposing summary judgment. Rule 56(d) may not be invoked based solely upon the assertion that discovery is incomplete or that the specific facts necessary to oppose summary judgment are unavailable. Rule 56(d) is not a license for a fishing expedition.

*Martinez v. Lucero*, 11-cv-1003 JB/LFG, Memorandum Opinion and Order [Doc. 41] at 29–30 (D.N.M. May 31, 2012) (unpublished) (internal brackets, citations, and quotation marks omitted).

## **Analysis**

The Court will not allow discovery at this time because Plaintiff has failed to demonstrate that he needs discovery in order to respond to Defendants' motion for summary judgment.  Indeed, on Counts I and II, Plaintiff argues that he *has* presented evidence showing a genuine issue of material fact.  On Counts IV and VI, Defendants concede that there is a genuine issue for trial.  There are no disputed issues of material fact on the other counts (III, V, and VII); the disputes are purely questions of law.[2]  Accordingly, Plaintiff's requests for discovery under Rule 56(d) will be denied.

---

[2] Although not dispositive, the Court also notes that Plaintiff completely fails to describe what steps he has taken to obtain the evidence that he now seeks.  It appears that he has made no effort to obtain the information.  The record indicates that he served his first set of discovery requests on January 17, 2014, [Doc. 30], more than a month after

Counts I and II

Plaintiff asserts claims against Defendants for First Amendment Retaliation (Count I) and violation of the Fourth Amendment for "unreasonable search and seizure in application of warrants" (Count II). [Doc. 1-1] at 9–10. He claims that, in retaliation for his complaining to Defendant Ficke, Defendants Ficke and Lopez lied in affidavits attached to search warrant applications. *Id.* at 10; [Doc. 28] at 24–25. He argues that the resulting search warrants for Plaintiff's business were not valid because they were issued based on Defendants' lies and not on probable cause. [Doc. 28] at 24–25.

Defendants argue that they are entitled to qualified immunity because both Defendant Ficke and Defendant Lopez were reasonable and truthful in their search-warrant-application affidavits. *See* [Doc. 21-1] at 1–5, 11–14; [Doc. 21] 16, 20–21. (In conjunction with the applications for the search warrants, Defendants Ficke and Lopez each averred that he observed a confidential informant ("CI") walk into Plaintiff's business with money and walk out with heroin. [Doc. 21-1] at 8, 16.) Defendants further argue that the resultant search warrants were facially valid, and therefore, none of Defendants can be liable for relying on the warrants. [Doc. 21] at 15–22. Finally, Defendants argue that because there was

---

the motions for summary judgment and to stay were filed, and about five months after he was first permitted to do so under the federal rules. *Compare* Fed. R. Civ. P. 26(d)(1) (discovery may commence after the parties' meet-and-confer session), *with* [Doc. 13] at 1 (the parties' meet-and-confer session in this case was held on August 15, 2013). Otherwise, it appears that Plaintiff has taken no steps to obtain the information. Additionally, the information sought is remarkably broad. Plaintiff attributes many of his requests not to an inability to dispute summary judgment—as is required by Rule 56(d)—but to a need to "test the veracity" of Defendants' allegations. This is not sufficient to warrant discovery. As the District of Massachusetts explained (in a case cited by Plaintiff), the rule requires "more than a mere desire to cross-examine." *Rodriguez v. City of Springfield*, 127 F.R.D. 426, 429 (D. Mass. 1989) (internal quotation marks omitted).

probable cause for the search warrants, Plaintiff's First Amendment Retaliation claim must fail. *Id.* at 23.

Plaintiff responds that there is a genuine issue of fact regarding the truthfulness of the statements in the search-warrant-application affidavits. *See* [Doc. 28] at 24. For example, Plaintiff avers in his own affidavit that neither he nor any of his employees ever sold heroin or any other drug from his screen-printing store. [Doc. 28-3] at 1. Accordingly, Plaintiff's counsel argues that there is a genuine issue of fact about whether Defendants Ficke and Lopez lied in their search-warrant-application affidavits. [Doc. 28] at 24–25. If they did lie, Plaintiff argues that the warrants were invalid, and thus, Defendants would not be entitled to qualified immunity on the First Amendment Retaliation or Fourth Amendment (warrant application) claims. *Id.*

Plaintiff also argues that he is entitled to discovery under Rule 56(d) in order to respond to the MSJ on Counts I and II. His requested discovery is extremely broad. Among other things,[3] he requests discovery from Defendant Ficke regarding the statements made in his search-warrant-application affidavit, evidence supporting Ficke's statement that the CI was reliable, including any police files on the CI, an opportunity to depose the CI, discovery from all Defendants regarding the alleged drug buy at Plaintiff's screen-printing shop, including time cards, surveillance logs, and the evidence tag for the heroin given to Ficke by the CI. *See*

---

[3] For example, Plaintiff wants discovery on Defendant Ficke's training, his previous undercover work, his previous drug investigations, and his employment records. [Doc. 28] at 5. Plaintiff would like to depose Defendant Ficke. *Id.* He requests discovery into the nature of the complaints of drug dealing at locations other than Plaintiff's that were allegedly received by Defendants Ficke, Lopez, Jaramillo, and Martinez. *Id.* at 8. Plaintiff wants discovery on all Defendants' past experiences in dealing with drug traffickers. *Id.* at 10. He wants the files of the K-9 unit involved in searching his business, as well as the animal's training records, search logs, and any reports regarding the dog's accuracy. *Id.* at 12. He requests Defendant Christman's employment records. *Id.* Plaintiff requests far more discovery than is repeated here, *see id.* at 13–17, 23, 44, 45, 46–49, but these excerpts illustrate the breadth of the requests.

[Doc. 28] at 9, 10, 15, 16, 23, 46–49. Additionally, Plaintiff would like to be able to consult with an expert on at least some of this evidence. *Id.* at 9.

The request for discovery in order to consult with an expert is denied because Plaintiff's expert deadline passed on December 4, 2013. [Doc. 15] at 2. If Plaintiff intended to consult an expert, he should have done so in time to comply with the deadline. *See id.* The request is untimely and will be denied.

The timeliness issue notwithstanding, the request for discovery is denied because Plaintiff fails to explain why facts precluding summary judgment cannot be presented without it. Indeed, Plaintiff has already presented evidence that he believes precludes summary judgment on Counts I and II, to wit: Plaintiff's affidavit that neither he nor any of his employees sold any drugs from his store. *See* [Doc. 28] at 24–25. Plaintiff is not entitled to discover *every* fact that could possibly preclude summary judgment. Rule 56(d) allows for discovery only where the non-movant "cannot present facts essential to justify its opposition." Accordingly, Plaintiff would only be entitled to discover probable facts to preclude summary judgment if those facts were his *only* response. Such is not the case with respect to Counts I and II. Plaintiff has presented facts to justify his opposition. *See* [Doc. 28] at 24–25. The request is denied.

Counts IV and VI

Defendants concede that Plaintiff has presented facts precluding summary judgment on Count IV (for excessive force) and Count VI (for detainment under unlawful conditions). [Doc. 46] at 9–10. Accordingly, Plaintiff's Rule 56(d) request with respect to Counts IV and VI is moot and will be denied.

### Counts III and V

Plaintiff asserts claims against Defendants for allegedly trashing his shop when they executed the search warrants (Count III) and unlawfully strip-searching him (Count V). [Doc. 1-1] at 10, 11. Defendants do not dispute Plaintiff's factual allegations. *See* [Doc. 21] at 24–25; [Doc. 46] at 9. Rather, they argue that even if everything Plaintiff says is true, they are still entitled to qualified immunity as a matter of law. [Doc.21] at 24. In other words, the motion for summary judgment on qualified immunity with respect to Counts III and V presents purely legal questions. Indeed, Plaintiff's response addresses the legal questions and identifies no factual disputes. *See* [Doc. 28] at 30–36. Plaintiff has not asserted that he "cannot present *facts* essential to justify [his] opposition." Rule 56(d) (emphasis added). Accordingly, Plaintiff is not entitled to discovery under Rule 56(d) for Counts III and V.

However, Defendants also argue that they are entitled to summary judgment because Plaintiff has failed to name which Defendant is alleged to have done what, i.e., which Defendant(s) unnecessarily damaged Plaintiff's property and which participated in his strip search. [Doc. 21] at 25; [Doc. 46] at 9. If the presiding judge rules for Plaintiff on the legal question—whether the facts asserted amount to constitutional violations—Plaintiff will be entitled to discovery from Defendants at that time.

### Count VII

Plaintiff alleges that Defendants improperly used the building code to close his business out of retribution and that Defendant City of Albuquerque has a practice of using the building code unlawfully and for retribution. [Doc. 1-1] at 12–13. Defendant Turpen acknowledges that

he made the decision to temporarily close Plaintiff's business, but he explains that he did so because no fire extinguisher was present in the store, extension cords were improperly utilized, wiring from the ceiling was exposed, and liquefied petroleum/flammable gas was stored in the business. [Doc. 21] at 32; [Doc. 21-2] at 15–16. Plaintiff does not dispute that these conditions were present in his store. *See* [Doc. 28] at 42–44. Rather, Plaintiff argues that the decision to close his business was arbitrary and extreme. [Doc. 28] at 44. [Doc. 21] at 32. Plaintiff's counsel would like to depose Defendant Turpen to attempt to establish that he was motivated to close Plaintiff's business in order to assist the Defendant officers in retaliating against Plaintiff. [Doc. 28-1] at 3. Plaintiff also requests "discovery on Defendant Turpen" in order to consult with an expert. [Doc. 28] at 44.

The request for discovery to consult with an expert is denied as untimely. The request to depose Defendant Turpen is also denied because the question is a legal one, not a factual one. Assuming that Defendant Turpen was actually motivated to retaliate against Plaintiff, as Plaintiff argues, the question is whether it would violate Plaintiff's constitutional rights for Defendant Turpen to have closed Plaintiff's business based in part on the reasons in his affidavit (which Plaintiff does not dispute) and based in part on a desire to retaliate against Plaintiff. *See* [Doc. 21] at 34–36; [Doc. 28] at 42–22. No discovery is warranted on this issue because it is a purely legal one. *See* Fed. R. Civ. P. 56(d).

IT IS THEREFORE ORDERED, ADJUGED, AND DECREED that Plaintiff's request for discovery pursuant to Fed. R. Civ. P. 56(d) [Docs. 28, 33] is **DENIED**.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**