IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DENNIS CHAVEZ,

    Plaintiff,

v.                                                                     No. 13-cv-0557 WJ/SMV

CITY OF ALBUQUERQUE, PATRICK FICKE,
JOE CHRISTMAN, GLEN STOUT,
DONALD LOPEZ, and SHANE TURPEN,

    Defendants.

## SCHEDULING ORDER

THIS MATTER is before the Court on a telephonic Rule 16 scheduling conference, held on May 13, 2014. The parties' Amended Joint Status Report and Provisional Discovery Plan [Doc. 56] is adopted, except as modified below.

In accordance with the Civil Justice Expense and Delay Reduction Plan adopted in compliance with the Civil Justice Reform Act, and pursuant to Title 28 U.S.C. § 473(a)(1), this case is assigned to a "**Standard**" track classification.

The parties must disclose every expert witness who is expected to testify, even if the expert is not required to submit an expert report. *See* Fed. R. Civ. P. 26(a)(2)(B)–(C); D.N.M.LR-Civ. 26.3(b).[1] Plaintiff(s) shall identify to all parties in writing any expert witness to be used by Plaintiff(s) at trial and provide expert reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) or summary disclosures under Rule 26(a)(2)(C)[2] no later than **August 11, 2014**. All other parties

---

[1] *See also Blodgett v. United States*, No. 2:06-CV-00565 DAK, 2008 WL 1944011, at *5 (D. Utah May 1, 2008).

[2] Summary disclosures are, under certain circumstances, required of treating physicians. *Farris v. Intel Corp.*, 493 F. Supp. 2d 1174, 1180 (D.N.M. 2007) (treating physicians who do not submit Rule 26 expert reports may only testify

shall identify in writing any expert witness to be used by such parties at trial and provide expert reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) or summary disclosures under Rule 26(a)(2)(C) no later than **September 10, 2014**.  Rebuttal experts disclosed pursuant to Fed. R. Civ. P. 26(a)(2)(D)(ii) shall be disclosed within 30 days after the other party's disclosure.

The termination date for discovery is **October 10, 2014,** and discovery shall not be reopened, nor shall case management deadlines be modified, except by an order of the Court upon a showing of good cause.  This deadline shall be construed to require that discovery be completed on or before the above date.  Service of interrogatories or requests for production shall be considered timely only if the responses are due prior to the deadline.  A notice to take deposition shall be considered timely only if the deposition takes place prior to the deadline.  The pendency of dispositive motions shall not stay discovery.

Motions relating to discovery (including, but not limited to, motions to compel and motions for protective order) shall be filed with the Court and served on opposing parties by **October 30, 2014**.  *See* D.N.M.LR-Civ. 7 for motion practice requirements and timing of responses and replies.  This deadline shall not be construed to extend the 21-day time limit in D.N.M.LR-Civ. 26.6 (Party served with objection to discovery request must file motion to compel within 21 days of service of objection. Failure to file motion within 21 days constitutes acceptance of the objection.).

---

"based on . . . personal knowledge and observations obtained during [the] course of care and treatment . . . ."); *Blodgett*, 2008 WL 1944011, at *5 ("treating physicians not disclosed as experts are limited to testimony based on personal knowledge and may not testify beyond their treatment of a patient") (internal quotation marks omitted).

Pretrial motions, other than discovery motions, shall be filed with the Court and served on opposing party by **November 10, 2014**.  *See* D.N.M.LR-Civ. 7 for motion practice requirements and timing of responses and replies. Any pretrial motions, other than discovery motions, filed after the above dates shall, in the discretion of the Court, be considered untimely.

If documents are attached as exhibits to motions, affidavits or briefs, those parts of the exhibits that counsel want to bring to the attention of the Court must be highlighted in accordance with D.N.M.LR-Civ. 10.6.

Counsel are directed to file a consolidated final Pretrial Order as follows:  Plaintiff(s) to Defendant(s) on or before **December 26, 2014**; Defendant(s) to Court on or before **January 9, 2015**.

Counsel are directed that the Pretrial Order will provide that no witnesses except rebuttal witnesses whose testimony cannot be anticipated, will be permitted to testify unless the name of the witness is furnished to the Court and opposing counsel no later than thirty (30) days prior to the time set for trial.  Any exceptions thereto must be upon order of the Court for good cause shown.

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**