IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DENNIS CHAVEZ,

      Plaintiff,

v.                                             No. 13-cv-0557 WJ/SMV

CITY OF ALBUQUERQUE, PATRICK FICKE,
JOE CHRISTMAN, GLEN STOUT,
DONALD LOPEZ, and SHANE TURPEN,

      Defendants.[1]

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's First Motion to Compel Discovery [Doc. 69] ("Motion"), filed on August 13, 2014. Defendants filed their Response [Doc. 79] on September 4, 2014 ("Response"). Plaintiff filed his Reply [Doc. 80] on September 9, 2014 ("Reply"). Plaintiff filed supplemental exhibits on September 10, 2014. [Doc. 83]. Oral argument was held on September 11, 2014. Plaintiff filed another set of supplemental exhibits on September 12, 2014. [Doc. 86]. The Court, having considered the briefing, oral argument, and relevant law, and being otherwise fully advised in the premises, finds the Motion to be well-taken in part and will grant it in part and deny it in part.

The Motion presents two issues. The first is whether, in a § 1983 civil rights action against two police officers, Plaintiff is entitled to discover evidence relating to prior complaints and claims against the officers. I find that such information is discoverable, although I will limit the scope of the information that Defendants must provide.

---

[1] All claims against the City of Albuquerque appear to have been dismissed. [Doc. 54].

The second, and more troublesome, issue is whether a plaintiff in a civil rights action against a police officer can compel the officer to provide information about a confidential informant, including the informant's identity, where the informant's confidences provided the basis for the allegedly unlawful search of the plaintiff's business.  After carefully balancing the Plaintiff's interest in making a fair presentation of his case against the Defendants' interest in protecting investigative sources and preserving the safety of cooperating individuals, I will grant the Motion in part and order an in camera examination of the Defendants and the confidential informant.

## FACTUAL AND PROCEDURAL BACKGROUND

This is an action brought under Title 42, § 1983 of the United States Code.  Plaintiff filed his First Amended Complaint to Recover Damages for Deprivation of Civil Rights in the Second Judicial District Court on May 23, 2013 ("Complaint").  [Doc. 1-1].  Defendants removed the case to federal court on June 17, 2013.  [Doc. 1].  While six Defendants are named in the Complaint, the Motion pertains to only two, Sergeant Ficke and Detective Lopez ("Defendants").

The Complaint alleges, *inter alia*, that Defendants violated Plaintiff's constitutional rights by supplying  affidavits containing false information in connection with separate search warrants executed at Plaintiff's place of business by members of the Albuquerque Police Department ("APD").  The first warrant was issued on May 11, 2010, the second on March 23, 2011.  [Doc. 21-1] at 6, 17.  Plaintiff alleges that Defendants supplied false information on the search warrant affidavits by reporting that Plaintiff engaged in illegal drug transactions at his place of business.  According to Defendants, these transactions were accomplished with the assistance of a confidential informant.

2

In the affidavit for the May 11, 2010 search warrant, Sergeant Ficke, as the affiant, made the following factual assertions:

During May 2010, Sergeant Ficke was working as a narcotics detective and was familiar with how individuals distributed and sold narcotics. *See* Affidavit for May 11, 2010 Search Warrant [Doc. 21-1] at 7–9. Within seventy-two hours prior to May 11, 2010, a confidential informant ("CI") contacted Sergeant Ficke and told him that "he"[2] had knowledge of several locations where narcotics were being sold on a regular basis. *Id*. Sergeant Ficke also advised the CI of places where Sergeant Ficke had reason to believe narcotics were being sold. *Id*. The CI was a self-admitted drug user and was familiar with how narcotics look and how drugs are packaged and sold. *Id*. Further, the CI had provided Sergeant Ficke with true and correct information in the past. *Id*. Sergeant Ficke and the CI agreed to conduct a "controlled buy" at Plaintiff's business, a location where the CI reported narcotics were being sold. *Id*. The CI described the individual who was selling narcotics at Plaintiff's business as the owner of the business, the Plaintiff. *Id*. The CI was provided with money, was searched prior to entering the business, and was kept under constant surveillance while entering the business. *Id*. The CI exited the business after a few minutes and met Sergeant Ficke and other detectives at a predetermined location. *Id*. The CI was searched upon his arrival at the location, and Sergeant Ficke located a black tarlike substance on his person. *Id*. No other money or contraband was found on the CI. *Id*. Sergeant Ficke conducted a field test of the substance, and it tested presumptively positive for heroin. *Id*. The heroin was tagged into evidence. *Id*.

---

[2] While the Court will refer to the CI as "he," the CI's gender is not known to the Court. The Court will also refer to the CI in the singular, because the Court does not know if there is more than one CI.

Defendant Ficke applied for and received a search warrant from a state district judge based primarily on the information provided by the CI and the alleged drug sale at Plaintiff's business. *Id.* at 6–9. However, when Plaintiff's business was searched, no narcotics were found. [Doc. 1-1] at 5. Plaintiff alleges that Sergeant Ficke essentially fabricated the story about the CI. *See* Plaintiff's Response to Defendants' Motion for Summary Judgment on Qualified Immunity [Doc. 28] at 24–25.

In the affidavit for the March 23, 2011 search warrant, Detective Lopez, as the affiant, made the following factual assertions:

In March of 2011 Detective Lopez was working as a narcotics detective and was familiar with how individuals distributed and sold narcotics. *See* Affidavit for March 23, 2011 Search Warrant [Doc. 21-1] at 15–16. Detective Lopez received information that narcotics were being sold out of Plaintiff's business. *Id.* Detective Lopez employed a CI[3] to investigate the sale of narcotics at Plaintiff's business. *Id.* The CI was a self-admitted drug user and was familiar with how narcotics look and how drugs are packaged and sold. *Id.* Further, the CI had provided Detective Lopez with true and correct information in the past. *Id.* Detective Lopez and the CI agreed to conduct a "controlled buy" at Plaintiff's business, a location the CI reported where narcotics were being sold. *Id.* The CI was provided with money, was searched prior to entering the business, and was kept under constant surveillance while entering the business. *Id.* The CI exited the business after a few minutes and met Detective Lopez and other detectives at a predetermined location. *Id.* The CI was searched upon his arrival at the location, and Detective Lopez located a substance wrapped in foil on his person. *Id.* No other money or contraband was

---

[3] The Court does not know whether this CI is the same CI who dealt with Defendant Ficke regarding the first search.

found on the CI. *Id*. Detective Lopez conducted a field test of the substance and it tested presumptively positive for heroin. *Id*. The heroin was tagged into evidence. *Id*. The CI identified Plaintiff as the individual who sold him the heroin. *Id.*

Again, a search warrant was obtained, *id*. at 17, Plaintiff's business was searched, and no drugs were found, [Doc. 1-1] at 9. Plaintiff alleges that Defendants lacked probable cause for both search warrants.[4] Indeed, Plaintiff alleges that there was no confidential informant and that the Defendants fabricated the information used to support probable cause. *See* [Doc. 28] at 24−25. In short, Plaintiff argues that the allegations made by Defendants Ficke and Lopez in their affidavits were false, and that as a result of those false allegations, he was subjected to two unreasonable searches in violation of his rights under the Fourth Amendment.

Defendants filed their Answer [Doc. 3] on June 17, 2013. They deny Plaintiff's claims and contend that they reasonably conducted their investigations based on their training and experience. With respect to the CI, they claim that there was, in fact, a CI; they each had a history with the CI; the CI had provided reliable information in the past; and the CI had provided detailed information about the Plaintiff and his business. *See* Joint Status Report and Provisional Discovery Plan [Doc. 13] at 4–5. Defendants contend that the information contained in the affidavits they submitted for the two search warrants was accurate and true.

Plaintiff served the discovery requests at issue on January 17, 2014. Plaintiff granted Defendants an extension of time to respond to the discovery pending the Court's ruling on Defendants' Motion to Stay Discovery [Doc. 22], filed on December 12, 2013. The Court

---

[4] Plaintiff also alleges that the search warrants were executed in an unreasonable manner and that Defendants used excessive force and unlawfully detained him during the execution of the May 11, 2010 search warrant. However, the issues raised in the instant Motion pertain only to whether probable cause existed for the two searches.

granted the Motion to Stay Discovery on February 26, 2014.  *See* [Doc. 43].  On April 15, 2014, the Court lifted the stay.  [Doc. 55].  On May 13, 2014, the Court issued a revised Rule 16 Scheduling Order [Doc. 59].  Pursuant to stipulation by the parties, Defendants were granted an extension until July 11, 2014, to respond to the discovery.  Defendants served their responses timely.  *See* [Doc. 65].  Plaintiff considered some of the responses inadequate.  Although Defendants supplemented their answers to several interrogatories, some remained in dispute.  After attempting in good faith to resolve the remaining disputes, Plaintiff filed the instant Motion.

## **LAW REGARDING THE SCOPE OF DISCIOVERY**

The proper scope of discovery is "any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  Information sought is relevant "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  *Id*.  Federal courts have held that the scope of discovery under Rule 26 is deliberately broad.  "The way is now clear, consistent with recognized privileges, for the parties obtain the fullest possible knowledge of the issues and facts before trial."  *Hickman v. Taylor*, 329 U.S. 495, 501 (1974); *see Gomez v. Martin Marietta Corp*., 50 F.3d 1511, 1520 (10th Cir. 1995); *Sanchez v. Matt*, 229 F.R.D. 649, 654 (D.N.M. 2004) ("The federal courts have held that the scope of discovery should be broadly and liberally construed to achieve the full disclosure of all potentially relevant information.").

A district court is not, however, "required to permit plaintiff to engage in a 'fishing expedition' in the hope of supporting his claim."  *McGee v. Hayes*, 43 Fed.Appx. 214, 217 (10th Cir. 2002) (unpublished).  *See Tottenham v. Trans World Gaming Corp*., 2002 WL 1967023,

6

at *2 (S.D.N.Y. 2002) ("Discovery, however, is not intended to be a fishing expedition, but rather is meant to allow the parties to flesh out allegations for which they initially have at least a modicum of objective support.") (citation omitted)).  "[B]road discovery is not without limits and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant." *Gomez*, 50 F.3d at 1520.  Courts have recognized that, while it is true that relevance in discovery is broader than that required for admissibility at trial, the "object of inquiry must have some evidentiary value before an order to compel disclosure of otherwise inadmissible material will issue." *Zenith Electronics Corp. v. Exzec, Inc.*, No. 93 C 5041, 1998 WL 9181, at *2 (N.D. Ill. 1998) (quoting *Piacenti v. General Motors Corp.*, 173 F.R.D. 221, 223 (N.D. Ill. 1997)).  Further, the information must be "reasonably calculated to lead to the discovery of admissible evidence." *Id*.  Courts have also recognized that "[t]he legal tenet that relevancy in the discovery content is broader than in the context of admissibility should not be misapplied so as to allow fishing expeditions in discovery." *Id.*

Rule 26 was amended in 2000 to state that the material requested must be "relevant to the claim or defense of any party," and "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1).  The Advisory Committee explained that the amendment was "designed to involve the court more actively in regulating the breadth of sweeping or contentious discovery." Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2000 amendment (stating that the amendment was made with the intent "that the parties and the court focus on the actual claims and defenses involved in the action"). The Advisory Committee further explained:

> Under the amended provisions, if there is an objection that
> discovery goes beyond material relevant to the parties' claims or

> defenses, the court would become involved to determine whether the discovery is relevant to the claims or defenses, and if not, whether good cause exists for authorizing it so long as it is relevant to the subject matter of the action. The good-cause standard warranting broader discovery is meant to be flexible.

Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2000 amendment. Rule 33 requires a party to answer an interrogatory "separately and fully . . . , unless it is objected to, in which event the objecting party . . . shall answer to the extent the interrogatory is not objectionable." Fed. R. Civ. P. 33(b)(1). Likewise, Rule 34 requires a party on whom a request for production is served to "state . . . that inspection and related activities will be permitted as requested, unless the request is objected to . . . . If no objection is made to part of an item or category, that part shall be specified and inspection permitted of the remaining parts." Fed. R. Civ. P. 34(b). Rule 33 provides: "all grounds for an objection to an interrogatory shall be stated with specificity." Fed. R. Civ. P. 33(b)(4). "The burden is on the objecting party to show why an interrogatory is improper." 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2173, at 291–92.

Rule 37 provides enforcement mechanisms for rules 33 and 34. According to Rule 37, if a party does not respond to an interrogatory or to a request for production, the party requesting the discovery may move the Court to compel the opposing party to respond. *See* Fed. R. Civ. P. 37(a)(2)(B). "[A]n evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(A)(3). If the Court grants the motion to compel,

> the court shall, after affording an opportunity to be heard, require the party . . . whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the

> motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(4)(A).

## LAW REGARDING DISCLOSURE OF CONFIDENTIAL INFORMANT INFORMATION IN CIVIL PROCEEDINGS

Federal Rule of Evidence 501 provides:

> Except as otherwise required by the Constitution of the United States or provided by Act of Congress or in rules prescribed by the Supreme Court pursuant to statutory authority, the privilege of a witness, person, government, State, or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience.

Hence, the federal common law is instructive on claims of privilege made during the course of a § 1983 Action. *See Nixon v. Fitzgerald*, 457 U.S. 731, 769 (1982).

The informer's privilege is "in reality the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." *Roviaro v. United States*, 353 U.S. 53 (1957) (citations omitted). In *Roviaro*, the United States Supreme Court stated "[t]he purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation." *Id.* A party seeking disclosure of the identity of a confidential informant has the burden of demonstrating a need for disclosure. *United States v. Martinez*, 979

F.2d 1424, 1426 (10th Cir. 1992). One limitation on the applicability of the privilege arises from the fundamental requirements of fairness. *Roviaro*, 353 U.S. at 60. "Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to the fair determination of a cause, the privilege must give way." *Id.* at 60–61; *see United States v. Mendoza*, 236 F. App'x. 371, 386 (10th Cir. 2007) (unpublished).[5] To determine the privilege's applicability, the Supreme Court has set forth a balancing test whereby the public's interest in protecting the flow of information and the personal safety of the informant is weighed against the individual's need for the informant's identity. *Roviaro*, 353 U.S. at 62. "Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Roviaro*, 353 U.S. at 62; *United States v. Scafe*, 822 F.2d 928, 933 (10th Cir. 1987).

The Tenth Circuit, in *United States v. Moralez*, 908 F.2d 565 (10th Cir. 1990), described the balancing of interests as follows:

> [C]ases involving confidential informants fall into several broad categories. At one extreme are the cases where the informant is a mere tipster, and disclosure is not required. At the other extreme are cases such as *Roviaro* itself where the informant has played a crucial role in the alleged criminal transaction, and disclosure and production of the informant are required to ensure a fair trial. In addition, there are cases where there is a slight possibility a defendant might benefit from disclosure, but the government has demonstrated a compelling need to protect its informant.

---

[5] A second limitation on the applicability of the privilege arises "once the identity of the informer has been disclosed to those who would have cause to resent the communication[.]" *Roviaro*, 353 U.S. at 60.

908 F.2d at 568 (citing *United States v. Fischer*, 531 F.2d 783, 787 (5th Cir. 1976) (internal citations omitted)).

In applying the *Roviaro* standard, the Tenth Circuit has held that mere speculation about the usefulness of an informant's testimony is not sufficient. *Scafe*, 822 F.2d at 933 (citing *United States v. Zamora*, 784 F.2d 1025, 1030 (10th Cir. 1986); *United States v. Halbert*, 668 F.2d 489, 496 (10th Cir. 1982). Disclosure of an informant is not required where the information sought from him would be merely cumulative, or where the informant is not a participant in the transaction in question. *Scafe*, 822 F.2d at 933 (citing *United States v. Reardon*, 787 F.2d 512, 517 (10th Cir. 1986); *United States v. Perez-Gomez*, 638 F.2d 215, 218 (10th Cir. 1981)). The privilege applies in both civil and criminal cases. *Brock v. On Shore Quality Control Specialists, Inc.*, 811 F.2d 282, 283 (5th Cir. 1987); *United States v. One 1986 Chevrolet Van*, 927 F.2d 39, 43 (1st Cir. 1991) (citing *Holman v. Cayce*, 873 F.2d 944, 946 (6th Cir.1989)). The informer's privilege is "arguably stronger" in civil cases "because the constitutional guarantees assured to criminal defendants are inapplicable." *In re Search of 1638 E. 2d St.*, 993 F.2d 773, 775 (10th Cir. 1993). The government is entitled to assert the informer's privilege without showing that reprisal or retaliation is likely. *Id.* at 774.

Ultimately, in assessing whether the informer's privilege is properly invoked, the Court must balance the "public interest in protecting the flow of information against the individual's right to prepare his [cause]." *Roviaro*, 353 U.S. at 63. The balancing is particular to each case, considering such factors as "the crime charged [or claim alleged], the possible defense, the possible significance of the informer's testimony, and other relevant factors." *Id.*

Given the importance of protecting the interests of both parties, courts often have followed an in camera procedure for disclosing the identity of and requesting information from a confidential informant. *See* 3 WEINSTEIN'S FEDERAL EVIDENCE § 510.07 (2d ed. 2011); *see also United States v. Moralez*, 908 F.2d 565, 569 (10th Cir. 1990) (remanding case to the "district court to hold in camera hearings to determine whether the informant's testimony is relevant and whether disclosure is warranted").  This procedure preserves the anonymity of the confidential informant while ensuring that the opposing party has access to the testimony of the informant in order to properly vet his or her claims.  *Cf. United States v. Harris*, 223 F. App'x. 747, 751–52 (10th Cir. 2007) (unpublished) (affirming district court's rejection of magistrate judge's report and recommendation suggesting disclosure of confidential informant's identity when confidential informant was not involved in drug buy).

Moreover, an in camera procedure may be the fairest approach when the Court faces a dichotomous dilemma; that dilemma being, either deny disclosure, which may render the plaintiff virtually unable to pursue his or her cause of action, or conversely, grant disclosure, which may result in harm to the confidential informant or subsequent difficulty for a governmental entity to recruit citizens to act as confidential informants.  *See Rodriguez v. City of Springfield*, 127 F.R.D. 426, 431 (D. Mass. 1989) (recognizing that while an in camera hearing has "its deficiencies both for the defendant and the plaintiff, it offers itself as the fairest and most expeditious method for balancing the parties' competing interests").  Therefore, when a plaintiff's cause of action is contingent upon obtaining information about a confidential informant, an in camera review may be the best method of balancing the parties' competing interests.  *See id.*

## ANALYSIS

1. **Interrogatory No. 5.**

Plaintiff's Interrogatory No. 5 and Defendants' responses are as follows:

**Interrogatory No. 5 [to both Defendants]**

State the number of civil complaints, internal affairs complaints and any tort claim complaints of letters filed against [sic] you from 2000 to the present, including the type of allegation or complaint (*e.g.*, false arrest, use of excessive force, unlawful search, etc.). Include the number of complaints resolved and the resolution, stating this separately for each category of complaints.

**Response** . . .

Objection. This Interrogatory improperly contains multiple subparts, is overly broad, unduly burdensome, is irrelevant to the claims and defenses of the parties, is not reasonably limited in time or scope, is not reasonably calculated to lead to the discovery of relevant or admissible evidence and violates the privacy rights of Defendant and non-parties to this litigation. This Interrogatory also seeks information which is confidential pursuant to *Denver Policemen's Protective Ass 'n* v. *Lichtenstein,* 660 F.2d 432 (1Oth Cir) and pursuant to Section 9-4-1-13 of the Albuquerque City Code of Ordinances. Additionally, information concerning civil complaints is a matter of public record and is as easily accessible to Plaintiff as it is to Defendant. Notwithstanding these objections, and without waiver of same, Defendant states as follows:

With regard to this case, Mr. Chavez filed a complaint against me in 2010 as a result of the execution of a search warrant in May of 2010. Mr. Chavez also filed a civil lawsuit against me in May of 2013 based upon the execution of the search warrant in May of 2010. This is the only civil complaint that has been filed against me.

Defendant reserves his right to supplement this Answer if appropriate.

**Supplemental Response** . . .

Defendant objected to this Interrogatory on the following grounds: "overly broad, unduly burdensome, is irrelevant to the claims and defenses of the parties, is not reasonably limited in time or scope, is not reasonably calculated to lead to the discovery of relevant or admissible evidence and violates the privacy rights of Defendant and non-parties to this litigation. This Interrogatory also

13

seeks information which is confidential pursuant to *Denver Policemen's Protective Ass 'n v. Lichtenstein,* 660 F.2d 432 (10th Cir) and pursuant to Section 9-4-1-13 of the Albuquerque City Code of Ordinances. Additionally, information concerning civil complaints is a matter of public record and is as easily accessible to Plaintiff as it is to Defendant." Defendant did not object solely relying on *Lichtenstein,* contrary to the representation made in your letter. Regardless, how are "civil complaints, internal affairs complaints and any tort claim complaints of letters filed against the you from 2000 to the present, including the type of allegation or complaint (e.g., false arrest, use of excessive force, unlawful search, etc.) ... [including] the number of complaints resolved and the resolution, stating this separately for each category of complaints[]" relevant to this case?

[Doc. 69] at 3–4 (errors and alterations in original).

Defendants argue that the information sought is not reasonably calculated to lead to the discovery of admissible evidence because all claims against the City of Albuquerque have been dismissed.  [Doc. 79] at 2–3.  While Defendants seem to concede that the information might have been relevant to vicarious liability claims, such as for negligent hiring or training, all of which have been dismissed, they argue that information regarding other claims is not relevant to the claims against the individual Defendants.  *Id.* at 3–4.  They also argue that the interrogatory is overbroad in time and scope.  Plaintiff argues that the requested information could lead to admissible evidence showing a habit or pattern and practice, or to impeach Defendants' credibility.  [Doc. 80] at 3.  Plaintiff also argues that information regarding prior claims might be relevant to the issue of whether the Defendants possessed the culpable mental state required to sustain an award of punitive damages. *See Searles v. Van Bebber*, 251 F.3d 869, 879 (10th Cir. 2001) ("Punitive damages [in § 1983 cases] are available only for conduct which is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.") (internal quotation marks omitted).

The Court agrees with Plaintiff.  While evidence of prior claims would most likely not be admissible per se on the issue of liability, the Court believes that Interrogatory No. 5 is reasonably calculated to lead to the discovery of admissible evidence on Defendants' credibility and on whether Defendants possessed a culpable mental state when they prepared the affidavits in support of the two searches.   However, the Court agrees with the Defendants that the interrogatory is overbroad in both time and scope.  Therefore, the Court will grant the Motion with respect to Interrogatory No. 5, but will limit the time and scope as follows:

A. Defendants need only provide information about other claims and complaints similar to the remaining claims in this case against each Defendant.  Thus, Sergeant Ficke will respond to the interrogatory with respect to other claims filed against him for First Amendment retaliation, unreasonable search and seizure in application of a warrant (including claims alleging that he had falsified information in connection with obtaining such warrants), excessive force, unreasonable searches of individuals and/or premises, and unlawful detention.   Detective Lopez will respond to the interrogatory with respect to other claims filed against him for unreasonable search and seizure in application of a warrant (including claims alleging that he had falsified information in connection with the obtaining of such warrants), excessive force, unreasonable searches of individuals and/or premises, and unlawful detention.

B. Defendants will respond to Interrogatory No. 5 with respect to claims or complaints filed or submitted after May 10, 2003 (ten years prior to the filing of the Complaint).

2. **Interrogatory No. 6.**

Plaintiff's Interrogatory No. 6 to Defendant Ficke and his responses are as follows:

> **Interrogatory No. 6** [to Defendant Ficke only]
> Please state the source of the cash given to the confidential source and state the date and time you received the cash and paid the informant. Please state whether the informant received cash awards and please state the total amounts received by the

informant from you in relation to the events at issue in this Complaint.

**Response** . . .

Objection. This Interrogatory improperly contains multiple subparts, is vague, ambiguous, overly broad, unduly burdensome, irrelevant to the claims and defenses of the parties, not reasonably limited in time or scope and is not reasonably calculated to lead to the discovery of relevant or admissible evidence. Without further information, Defendant does not know which confidential source Plaintiff is referring to. Notwithstanding these objections, and without waiver of same, and assuming Plaintiff is referring to the cash provided to the confidential source related to the May 10, 2010 warrant execution, Defendant states as follows: The information requested should be recorded in the confidential informant's file which is privileged information pursuant to Fed. R. Evid. 501, and Rule 11-510 NMRA. Defendant also objects because some of the information sought violates the privacy rights of the confidential informant and could reveal the identity of the informant, which could place that person and/or others in jeopardy of being harmed. *See Roviaro* v. *United States,* 353 U.S. 53 (1957). Cash provided to confidential sources is taken from the Albuquerque Police Department's Operational Funds.

**Supplemental Response** . . .

This Interrogatory asked for information contained in a confidential informant's file, which could potentially reveal the identity of the informant, as outlined in Defendant Ficke's Answer to this Interrogatory. Officers go to great lengths to keep information identical to the information you requested a secret. Revealing the following information "the date and time you received the cash and paid the informant .... whether the informant received cash awards and please state the total amounts received by the informant from you in relation to the events at issue in this Complaint[]" may allow Plaintiff to piece together the person who made a purchase of black tar heroin from him, which could put the informant's life and/or well-being in jeopardy. You cited to criminal defense cases as the basis for your argument that you are entitled to this information, however, this case does not involve an "individual's right to prepare his defense." This case involves a civil complaint filed against Defendant Ficke, *inter alia.* You have not set forth a basis for the need to disclose the identity or even the identifying information of the informant. *See McGee v. Hayes,* 43 Fed.Appx. 214, 217 (1O'h Cir. 2002) (unpublished) (holding that a

>district court is not "required to permit plaintiff to engage in a 'fishing expedition' in the hope of supporting his claim.")
>
>Although you argue in your letter that "Federal Rule 501 does not create a privilege," the Supreme Court's decision in Roviaro v. United States, 353 U.S. 53 (1957) says otherwise. Id. at 59 ("The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation."). An informer's privilege to remain confidential is "arguably stronger" in civil cases "because the constitutional guarantees assured to criminal defendants are inapplicable." In re Search of 1638 E. 2nd St., 993 F.2d 773, 774 (10t'h Cir. 1993). Moreover, this is not a case in which there was a search without a warrant- in this case, a warrant was obtained by a third-party neutral magistrate and therefore, Plaintiffs claimed need for the informant's information is significantly reduced, if not entirely mitigated. See Roviaro, 353 at 61.

[Doc. 69] at 3–5 (errors and alterations in original).

The Court disagrees that the interrogatory is vague or ambiguously overbroad. Defendants have made no effort to show that providing an answer would be unduly burdensome. The Court agrees with Plaintiff that the amount of money paid to the CI could be relevant to his credibility. However, the Court does not see the relevance of either the source of the cash paid to the CI or the dates on which the cash was paid to the CI. Moreover, disclosing the information could result in the identification of the CI. Therefore, the Court will grant the Motion in part. Defendant Ficke shall provide the total amount of cash paid to the CI in connection with the events at issue in the Complaint, i.e., any and all issues relating to the investigation and searches of Plaintiff's businesses. The remainder of the Motion with respect to Interrogatory No. 6 is denied.

3. **Interrogatories seeking information about the confidential informant.**

Plaintiff's Interrogatory No. 6 to Defendant Lopez and his Responses are as follows:

**Interrogatory No. 6** [To Defendant Lopez only]

Please state how much money you gave to the alleged confidential source for purchase of narcotics from Plaintiff or Plaintiffs place of business which gave rise to the March 24, 2011 search. Identify how much narcotics the alleged confidential source bought from Plaintiff or Plaintiffs place of business and at what time and date, and what happened to the alleged narcotics.

**Response** . . .

Objection. This Interrogatory improperly contains multiple subparts, is irrelevant to the claims and defenses of the parties, not reasonably limited in time or scope, requests confidential and/or privileged information and is not reasonably calculated to lead to the discovery of relevant or admissible evidence. Notwithstanding these objections, and without waiver of same, Defendant states as follows: The information requested should be recorded in the confidential informant's file which is also privileged information pursuant to Fed. R. Evid. 501, and Rule 11-510 NMRA. Defendant also objects because some of the information sought violates the privacy rights of the confidential informant and could reveal the identity of the informant, which could place that person and/or others in jeopardy of being harmed. *See also Roviaro v. United States,* 353 U.S. 53 (1957).

**Supplemental Response** . . .

This Interrogatory asked for information contained in a confidential informant's file, which could potentially reveal the identity of the informant, as outlined in Defendant Lopez's Answer to this Interrogatory. Revealing the following information "the date and time you received the cash and paid the informant. ... whether the informant received cash awards and please state the total amounts received by the informant from you in relation to the events at issue in this Complaint[]" may allow Plaintiff to piece together the person who made a purchase of heroin from him, which could put the informant's life and/or well-being in jeopardy. You cited to criminal defense cases as the basis for your argument that you are entitled to this information, however, this case does not involve an "individual's right to prepare his defense." This case involves a civil complaint filed against Defendant Lopez, *inter alia.* You have not set forth a basis for the need to disclose the

> identity or even the identifying information of the informant. *See McGee v. Hayes,* 43 Fed.Appx. 214, 217 (lO'h Cir. 2002) (unpublished) (holding that a district court is not "required to permit plaintiff to engage in a 'fishing expedition' in the hope of supporting his claim.")
>
> Although you argue in your letter that "Federal Rule 50! does not create a privilege," the Supreme Court's decision in *Roviaro v. United States,* 353 U.S. 53 (1957) says otherwise. *Id.* at 59 ("The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation."). An informer's privilege to remain confidential is "arguably stronger" in civil cases "because the constitutional guarantees assured to criminal defendants are inapplicable." *In re Search of 1638 E. 2nd St.,* 993 F.2d 773, 774 (1O'h Cir. 1993). Moreover, this is not a case in which there was a search without a warrant - in this case, a warrant was obtained by a third-party neutral magistrate and therefore, Plaintiffs claimed need for the informant's information is significantly reduced, if not entirely mitigated. *See Roviaro,* 353 at 61.

[Doc. 69] at 6–8 (errors and alterations in original).

The Court disagrees that the interrogatory is vague or ambiguously overbroad. Defendants have made no effort to show that providing and answer would be unduly burdensome. However, the Court fails to see how the information sought would serve any purpose other than to identify the CI. The interrogatory is not reasonably calculated to the discovery of admissible evidence. The Motion, therefore, will be denied with respect to Interrogatory No. 6 to Defendant Lopez.

As discussed below, the Court will conduct an in camera examination so that Plaintiff may obtain some of the information sought in the following interrogatories and, through the Court, question the Defendants and the confidential informant.

*To Defendant Ficke*

**Interrogatory No. 17** . . .

Please identify the confidential informant by name, address, date of birth, and social security number you alleged purchased drugs from and Plaintiff or any other person arrested on or about May 21, 2010. Please state the confidential informant's complete criminal history.

**Response** . . .

Objection. This Interrogatory is misleading, ambiguous, irrelevant to the claims and defenses of the parties, not reasonably limited in time or in scope, not reasonably calculated to lead to the discovery of relevant or admissible evidence. The information requested should be recorded in the confidential informant's file which is also privileged information pursuant to Fed. R. Evid. 501, and Rule 11-510 NMRA. Defendant also objects because some of the information sought violates the privacy rights of the confidential informant and could reveal the identity of the informant, which could place that person and/or others in jeopardy of being harmed. *See also Roviaro* v. *United States,* 353 U.S. 53 (1957)**.**

**Supplemental Response** . . .

This Interrogatory asked for the identity of the confidential informant in this case, as outlined in Defendant Ficke's Answer to this Interrogatory. Revealing that information could put the informant's life and/or well-being in jeopardy. *Supra.* You cited to criminal defense cases as the basis for your argument that you are entitled to this information, however, this case does not involve an "individual's right to prepare his defense." This case involves a civil complaint filed against Defendant Ficke, *inter alia.*

You also state that Defendant Ficke was withholding more than the identity of the informant, which was more than the scope of Rule 11-510 provides, however, this Interrogatory requested precisely that information: *i.e.* the identity of the informant. Moreover, to the extent that you were referring to the secondary request in this Interrogatory for the confidential informant's "complete criminal history," this information is not relevant to Plaintiff's claims and Plaintiff has not alleged or shown that it is relevant.

[Doc. 69] at 5 (errors and alterations in original).

*To Defendant Lopez*

**Interrogatory No. 8** . . .

Please state how many times previously you used the confidential source described in your affidavit for search warrant before March 24, 2011 and the results of each use i.e. whether you executed a controlled buy or a search warrant in reliance of the confidential informant.

**Response** . . .

Objection. This Interrogatory is irrelevant to the claims and defenses of the parties, not reasonably limited in time or scope, requests confidential and/or privileged information and is not reasonably calculated to lead to the discovery of relevant or admissible evidence. Notwithstanding these objections, and without waiver of same, Defendant states as follows: The information requested should be recorded in the confidential informant's file which is also privileged information pursuant to Fed. R. Evid. 501, and Rule 11-510 NMRA. Defendant also objects because some of the information sought violates the privacy rights of the confidential informant and could reveal the identity of the informant, which could place that person and/or others in jeopardy of being harmed. *See also Roviaro v. United States,* 353 U.S. 53 (1957).

**Supplemental Response** . . .

With regard to Interrogatories Nos. 8 and 9, please see Defendant Lopez's Answer to Interrogatory No. 6, above.

**Interrogatory No. 9** . . .

For each such use described in the previous interrogatory, state whether the confidential source successfully purchased contraband and whether a search warrant was issued, and when it was issued, as a result of the purchase of a controlled substance. Also, please state whether the confidential informant was paid and how much he was paid.

**Response** . . .

Objection. This Interrogatory is irrelevant to the claims and defenses of the parties, not reasonably limited in time or scope, requests confidential and/or privileged information and is not reasonably calculated to lead to the discovery of relevant or admissible evidence. Notwithstanding these objections, and

> without waiver of same, Defendant states as follows: The information requested should be recorded in the confidential informant's file which is also privileged information pursuant to Fed. R. Evid. 501, and Rule 11-510 NMRA. Defendant also objects because some of the information sought violates the privacy rights of the confidential informant and could reveal the identity of the informant, which could place that person and/or others in jeopardy of being harmed. *See also Roviaro v. United States,* 353 U.S. 53 (1957).
>
> **Supplemental Response** . . .
>      With regard to Interrogatories Nos. 8 and 9, please see Defendant Lopez's Answer to Interrogatory No. 6, above.

[Doc. 69] at 8–9 (errors and alterations in original).

Looking to *Roviaro* for guidance, the Court must balance the public's interest in protecting the flow of information and the personal safety of the informant with the individual's need for the informant's identity, taking into consideration the claims asserted, the possible significance of the informer's testimony, and other relevant factors.  The Tenth Circuit decision in *Moralez* provides that for purposes of balancing these factors, cases involving confidential informants fall into several broad categories.  908 F.2d at 568.  At one extreme are the cases where the informant is a mere tipster, where disclosure is not required.  At the other extreme are cases such a *Roviaro* itself where the informant has played a crucial role in the alleged criminal transaction, and disclosure and production of the informant are required to ensure a fair trial.  *Id.* Another category involves cases where disclosure might be beneficial, but there is a compelling need to protect the informant.  *Id.*

The facts of this case are similar but not completely analogous to the facts of *Roviaro*, where the informant played a crucial role in the alleged criminal transaction, and disclosure and production of the informant were required to ensure a fair criminal trial.  The *Roviaro* case

involved the informer's privilege, not at a preliminary hearing to determine probable cause for an arrest or search, but at the trial itself where the issue was the fundamental one of innocence or guilt.  353 U.S. at 55.  The petitioner there had been brought to trial on a two-count federal indictment charging the sale and transportation of narcotics.  *Id.*  The informer had been an active participant in the crime and "had taken a material part in bringing about the possession of certain drugs by the accused, had been present with the accused at the occurrence of the alleged crime, and might be a material witness as to whether the accused knowingly transported the drugs as charged."  *Id.*  Only the informer was "in a position to amplify or contradict the testimony of government witnesses," and his testimony was determined to be "highly relevant and . . . helpful to the defense."  *Id.* at 63–64.

Here, the confidential informant provided information to law enforcement regarding alleged drug trafficking at Plaintiff's place of business.  [Doc. 21-1] at 1–19.  In addition, the confidential informant purportedly purchased drugs from Plaintiff's business and identified Defendant as the person who sold him the drugs.  *Id.*  Although in this case, the CI(s) themselves participated in the alleged drug buys that formed probable cause to support the search warrants, Plaintiff was not criminally charged for those alleged buys.  It is important to keep in mind that this is not a criminal prosecution for the alleged controlled drug purchases.  Accordingly, here, the informant's participation in controlled drug transactions for the purpose of establishing probable cause is more akin to that of a "tipster."

The case here involves a civil action where the primary question is not simply whether probable cause can be supported by the "totality of the circumstances" in the issuing of the warrants, but whether Defendants Ficke and Lopez made false allegations from the outset.  As

previously noted, the informer's privilege in civil cases is "arguably stronger" because "the constitutional guarantees assured to criminal defendants are inapplicable." *In re Search of 1638 E. 2d St.*, 993 F.2d at 774.  At its core, Plaintiff's civil rights action is targeting Defendants' credibility including, but not limited to, their vetting of the confidential informant, the alleged buying and selling of drugs at the Plaintiff's place of business, and the issuing of the search warrants against the Plaintiff. To that end, Plaintiff argues that information about the confidential informant—including whether he does, in fact, exist—is critical in order to discredit or impeach Defendants' allegations.

The Court finds that the above interrogatories, though somewhat overbroad, are reasonably calculated to lead to the discovery of admissible evidence, and at least part of the information sought is essential to the fair determination of Plaintiff's cause.  *See Roviaro*, 353 U.S. at 58–62 (noting the potential importance of a confidential informant's testimony when the confidential informant was directly involved in the illegal purchase of heroin, a crime for which the defendant was charged).  The difficult question is how to get at the information.  On the one hand, the Court acknowledges that ordering Defendants to answer the interrogatories may potentially expose the confidential informant and Defendants to adverse consequences.  On the other hand, to refrain from ordering Defendants to answer the interrogatories may eliminate Plaintiff's ability to question a seemingly integral witness to the incidents and activities that form the basis of his claims.  Thus, the Court must balance the interests of the parties to reach an equitable outcome.  *See id.* at 62.

In searching for a just solution to the discovery dispute herein presented, the Court finds the in camera procedure outlined by the court in *Rodriguez*, 127 F.R.D. at 431, instructive.

Therefore, similar to the procedure espoused by *Rodriguez*, the parties will adhere to the following in camera examination schedule and procedure:

(1) No later than October 10, 2014, Defendants will deliver the confidential informant(s)' file(s) to the Court for in camera review.  If Defendants wish to hand-deliver the file(s) and wait for the Court to read them, counsel for Defendants should contact chambers and schedule an appointment for that purpose.

(2) The Court will issue an ex parte order to Defendants' counsel only, requiring counsel to produce Defendants Ficke and Lopez, along with the informant(s) whose information was used in drafting the probable cause affidavits and in securing the search warrants for the searches of Plaintiff's place of business, for an in camera examination by the Court at a place and time to be disclosed in the order.  Neither Plaintiff nor his counsel will be permitted to attend this examination.

(3)  The examination will be scheduled at least 21 days from the date this Memorandum Opinion and Order is filed so that the parties will have sufficient time to appeal the Memorandum Opinion and Order if they choose to do so.  If any party appeals this Order, the in camera examination will be vacated pending the presiding judge's ruling on the appeal.

(4) Assuming there is no appeal of this Order, on or before October 3, 2014.  Plaintiff's counsel will file, in writing, a brief list of suggested questions to be asked by the Court to Defendants Ficke and Lopez regarding the informant's identity and background, or to the informant himself.  The Court will ask the questions it deems appropriate.  If the Court decides not to ask a question, it will explain its reasoning on the record.  Defense counsel will not be allowed to object to questions or to question the witnesses herself.  This will be an examination by the Court, not a deposition.

(5) A transcript will be made of the in camera examination and sealed.

(6) Counsel for either party may request a redacted copy of the transcript form the court reporter.  The informant's name and address, and any other identifying information of persons not parties to this litigation will be redacted from any copies provided to

the parties.   Nothing in this procedure will limit Plaintiff's right to depose Defendants Ficke and Lopez, except that no questions may be asked of them tending to disclose the identity of the informant.

The Court recognizes the potential burden placed on each party by the above procedure; however, balancing the interests of the parties necessitates such action.   With respect to Defendants' interests, this procedural compromise will ensure that the identity of the confidential informant remains undisclosed.   Conversely, the procedure will ensure that Plaintiff has the opportunity to pose his questions to the confidential informant and test his credibility and that of Defendants Ficke and Lopez.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's First Motion to Compel Discovery [Doc. 69] is **GRANTED IN PART and DENIED IN PART**. Defendants must respond to Interrogatory No. 5 as set forth herein **within 21 calendar days** of the entry of this Memorandum Opinion and Order.   Defendant Ficke shall respond to Interrogatory No. 6 as set forth herein **within 21 calendar days** of the entry of this Memorandum Opinion and Order.   Defendant Lopez need not submit further response to Interrogatory No. 6.   Defendant Ficke need not respond further to Interrogatory No. 17 at this time.   Defendant Lopez need not respond further to Interrogatories 8 and 9 at this time.   Plaintiff and Defendants shall comply with the schedule and procedure for the in camera examination as described herein.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**