IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**DENNIS CHAVEZ,**

    Plaintiff,

v.                                                                            No. 13-cv-0557 WJ/SMV

**CITY OF ALBUQUERQUE, PATRICK FICKE,
JOE CHRISTMAN, GLEN STOUT,
DONALD LOPEZ, and SHANE TURPEN,**

    Defendants.[1]

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL THE CITY OF ALBUQUERQUE

THIS MATTER is before the Court on Plaintiff's First Motion for Order to Show Cause [Doc. 72] ("Motion"), filed on August 26, 2014. The Court will construe the Motion as a motion to compel under Fed. R. Civ. P. 45(d)(2)(B)(i). The Motion concerns two subpoenas issued to the City of Albuquerque ("City"), which was dismissed as a party to this suit several months prior to the issuance of the subpoenas. The City responded to the subpoenas and the Motion on September 10, 2014. [Docs. 81, 82, and 84]. Defendants filed no response. Plaintiff filed a reply on September 23, 2014. [Doc. 92]. A hearing was held on the Motion on October 23, 2014. The Court, having considered the briefing, oral argument, record, and relevant law, and being otherwise fully advised in the premises, finds that the Motion is well-taken in part and will be granted in part and denied in part.

The Motion requests that the City be compelled to respond to two subpoenas. One subpoena directs the City to produce "the return of executed search warrants," [Doc. 72-1] at 1;

---

[1] All claims against the City of Albuquerque appear to have been dismissed on April 14, 2014. [Doc. 54].

the other directs production of personnel records, [Doc. 72-2] at 1. For the reasons set forth on the record at the hearing, the Court holds as follows:

1. *Subpoena Concerning "the Return of Executed Search Warrants" [Doc. 72-1]*

    Plaintiff's first subpoena directed the City to:

    > [P]roduce the return of all executed search warrants that did not result in felony charges being brought against anyone as a result of the execution of the warrant for the past five years prior to May 2010 through March 2011 for controlled substances which were based on a controlled buy with a confidential informant.

[Doc. 72-1]. In its response to the subpoena, the City stated that it "has no way of providing this information and objects on the grounds that the request is overly burdensome and vague." [Doc. 81] at 1.

For the reasons stated on the record at the hearing, Plaintiff's motion to compel production of "the return of executed search warrants" is denied without prejudice.

Further, the City shall file an affidavit supporting its assertion that it has no way of providing the information sought by the subpoena. The City shall file the affidavit by **November 7, 2014.**

2. *Subpoena Concerning the Personnel Records [Doc. 72-2]*

    Plaintiff's second subpoena directed the City to "produce all personnel records for, internal affair reports of, and complaints made against [Defendants] Sgt. Patrick Ficke, Commander Joseph Christman, Sgt. Glen Stout, and Detective Donald Lopez." [Doc. 72-2]. The City objected to the subpoena. [Doc. 82].

For the reasons stated on the record at the hearing, the Court will grant in part Plaintiff's motion to compel production of personnel records as follows:

2

    A. The City need only provide information about other claims and complaints similar to the remaining claims in this case. *See* Memorandum Opinion and Order [Doc. 88] at 15, para. A.

    B. The City will respond with respect to claims or complaints filed or submitted after May 10, 2003 (ten years prior to the filing of the Complaint). *See id.*, para. B.

Because the subpoena seeks the production of Defendants' personnel records, defense counsel requested a confidentiality order during the hearing. Plaintiff's counsel objected. Defendants shall submit a proposed confidentiality order to chambers by **October 31, 2014**. Plaintiff shall have **10 days** to respond; Defendants shall have **10 days** to reply. The City's deadline to produce personnel records in response to the subpoena will be set *after* the issue of confidentiality has been resolved.

    **IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's motion to compel the City of Albuquerque [Doc. 72] is **GRANTED IN PART** and **DENIED IN PART**.

    **IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**