IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DENNIS CHAVEZ,**

      **Plaintiff,**

**vs.**

                                   **1:13-cv-00557-WJ-SMV**

**CITY OF ALBUQUERQUE,**
**Sergeant Patrick Ficke,**
**Commander Joe Christman,**
**Sergeant Glen Stout,**
**Detective Donald Lopez,**
**And ALBUQUERQUE FIRE DEPARTMENT**
**Lieutenant Shane Turpen,**
**All in their individual capacities,**

      **Defendants.**

### CONFIDENTIALITY ORDER

**THIS MATTER** having come before the Court on the request of Defendants, pertaining to the inspection by the parties of certain records, material and information which are not otherwise protected from disclosure by the attorney-client privilege or the work-product doctrine; and

**THE COURT BEING ADVISED** that such production will include certain information that is private and confidential and may contain medical and mental health information or documents that may be or are subject to the terms of HIPAA and other privacy laws; that disclosure of such information may or will invade the confidentiality and privacy rights of the parties and of third persons not a party to this lawsuit; the Court finds that this Confidentiality Order is needed in this action to protect such persons' rights to privacy, to protect confidential information, and to limit disclosure and use of such information and documents to this civil proceeding.

**THEREFORE**, pursuant to FED. R. CIV. P. 26(c) & 29, and in compliance with 45 C.F.R. §164.512, the Court hereby makes and enters the following Confidentiality Order protecting the confidentiality of information which is or may be within the knowledge of the parties and which may be subject to discovery in this lawsuit:

**IT IS THEREFORE ORDERED**:

1.      This Order shall govern the use and/or production and disclosure of the following which may be produced or disclosed during this litigation (hereinafter the "Confidential Material" or "Internal Documents"):

      a.      The City of Albuquerque's Internal Documents consist of portions of the personnel files of Defendants Patrick Ficke, Donald Lopez, Joe Christman and Glen Stout to be produced pursuant to this Court's Memorandum Opinion and Order [Doc. 88] and Order Granting in Part and Denying in Part Plaintiff's Motion to Compel the City of Albuquerque [Doc. 108].

      b.      Any material expressly identified as "CONFIDENTIAL" by the party making the disclosure of such material, provided this designation is expressly made by notation on the material itself or in a letter accompanying the material.

2.      Confidential Material received from any producing party shall not be used by the receiving party for any purpose other than this lawsuit, and may be disclosed only to parties and counsel of record and their staff.

3.      Confidential Material may be disclosed to deponents during the course of their deposition.  The attorney disclosing such material must advise the deponent on

2

the record that, pursuant to this Order, such person may not divulge Confidential

Material to any other person.   Further, with respect to deposition testimony

concerning any Confidential Material, such deposition testimony shall be deemed

confidential and no portion of the transcript deemed confidential shall be

disclosed to any person except the deponent, the parties and their attorneys of

record.

4.      In the event that any Confidential Material is included with, or the contents

thereof are in any way disclosed in any pleading, motion, deposition transcript or

other papers filed with the Clerk of this Court, such Confidential Material may be

kept under seal by the Clerk if so ordered by the Court; provided, however, that in

such cases all such papers shall be furnished to the Court and attorneys of record

for the parties, and a redacted copy thereof may be placed in the public record.

Confidential Material may be admitted as an exhibit at the trial or used for

impeachment or other purposes should the Court rule that the information is

relevant and admissible in this matter subject to the rules of evidence, and if so

admitted, shall no longer remain Confidential unless otherwise ordered by the

Court.

5.      Nothing in this Order shall preclude any party from contesting the relevance or

admissibility of any material produced pursuant to this Order.

6.      After the completion of the proceedings in this matter and any subsequent

appeals, any and all copies of the Confidential Material or Internal Documents

previously made available to the opposing parties shall be kept conditional and/or destroyed.

7.   Nothing contained in this Order shall be deemed to preclude any party from seeking and obtaining, on appropriate showing, relief from this Order, additional protection with respect to the confidentiality of documents or other discovery material, or from providing stipulated exceptions to this order.

8.   Upon the production of materials marked or otherwise identified as "CONFIDENTIAL," the receiving party shall have ten (10) days to file a motion asserting an objection to the confidential status of any produced material.

9.   Absent a court order sustaining an objection, the terms of this agreement shall remain unaltered.


**THE HONORABLE STEPHAN VIDMAR**
**UNITED STATES MAGISTRATE JUDGE**

Submitted by:

KENNEDY KENNEDY & IVES

*Theresa V. Hacsi*
Joseph P. Kennedy
Theresa V. Hacsi
*Attorneys for Plaintiff*
1000 Second Street NW
Albuquerque, NM 87102
(505) 244-1400

Approved via Electronic Mail on November 7, 2014 by:

Kristin Dalton
*Attorney for Defendants*
City of Albuquerque Legal Department
P.O. Box 2248
Albuquerque, New Mexico 87103-2248
(505) 768-4500