IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

_____

DENNIS CHAVEZ,

       Plaintiff,

      v.                                                                            No. 13cv00557 WJ/SMV

CITY OF ALBUQUERQUE,
SERGEANT PATRICK FICKE
COMMANDER JOE CHRISTMAN
SERGEANT GLEN STOUT
DETECTIVE DONALD LOPEZ
And ALBUQUERQUE FIRE DEPARTMENT
LIEUTENANT SHANE TURPEN,

       Defendants.

**ORDER OVERUULING OBJECTIONS TO UNITED STATES MAGISTRATE JUDGE'S ORDER DENYING IN PART PLAINTIFF'S MOTION TO COMPEL**

THIS MATTER comes before the Court upon Plaintiff's Objections to United States Magistrate Judge's Order Denying in Part Plaintiff's Motion to Compel, filed September 29, 2014 **(Doc. 97)**.  Having reviewed the parties' briefs and applicable law, the Court finds that Plaintiff's objections have no merit.  Accordingly, they are OVERRULED.

## BACKGROUND

In this case, Plaintiff claims that Defendants violated his federal and state law rights pertaining to unreasonable searches and seizures when they led raids on Plaintiff's business under the premise that Plaintiff was selling drugs from that location.  Plaintiff alleges that the search warrants were based on false affidavits and that the confidential informant who purportedly made statements in support of those affidavits does not exist.

Plaintiff objects to the rulings of United States Magistrate Judge Stephan M. Vidmar granting in part and denying in part Plaintiff's First Motion to Compel Discovery. (Doc. 88). In that Order, Judge Vidmar addressed the two issues raised in the motion to compel: whether Plaintiff was entitled to discover evidence relating to prior complaints and claims against the Defendant officers, and whether a plaintiff in a civil rights action can compel a defendant police officer to provide information about a confidential informant, including the informant's identity, where the informant's confidences provided the basis for the allegedly unlawful search of the plaintiff's business. As to the first issue, Judge Vidmar found that such information was discoverable, but limited the scope of the information Defendants had to provide. Regarding the second issue, Judge Vidmar granted Plaintiff's motion in part and ordered an in camera examination of the Defendants and the confidential informant, setting out at the end of the Order a detailed in camera procedure and schedule for parties to follow assuming there was no appeal of the Order. Doc. 88 at 25. Plaintiff filed a motion for partial reconsideration on September 29, 2014, which Judge Vidmar denied on October 29, 2014. Doc. 109.

## DISCUSSION

### I. Legal Standard

A party may submit objections to either the factual findings or legal conclusions of a Magistrate Judge. The District Court must set aside any part of the order that is "clearly erroneous or is contrary to law." See Fed. R. Civ. P. 72(a). Regarding factual findings, the district court reviews the magistrate judge's decision for clear error "after reviewing all of the evidence," *see Weekoty v. United States*, 30 F. Supp. 2d 1343, 1343-44 (D.N.M. 1998), and will affirm unless it "on the entire evidence is left with the definite and firm conviction that a mistake has been committed," *Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006) (quotation

omitted). Regarding legal conclusions, the district court reviews the magistrate judge's decision for abuse of discretion. *See Creative Gifts, Inc. v. UFO*, 183 F.R.D. 568, 570 (D.N.M. 1998) ("Because a magistrate is afforded broad discretion in the resolution of non-dispositive discovery disputes, the court will overrule the magistrate's determination only if this discretion is abused." (quotation omitted); *see also Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1519-20 (10th Cir. 1995) (rejecting the need for a trial court to review a magistrate judge's legal conclusions de novo under the Rule 72(a) standard); *L-3 Commc'ns Corp. v. Jaxon Eng'g & Maint., Inc.*, 863 F. Supp. 2d 1066, 1091 (D. Colo. 2012); *SEC v. McNaul*, 277 F.R.D. 439, 441-42 (D. Kan. 2011) (citation omitted). Under 28 U.S.C. § 636(b)(1), the District Court may: (1) accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge; (2) receive further evidence; or (3) recommit the matter to the magistrate judge with instructions.

**II.    Analysis**

Plaintiff's objections are specifically to rulings on Interrogatories Numbers 5 and 6 (as to both Defendants Patrick Ficke and Donald Lopez), and to the rulings on interrogatories seeking information about the confidential informant (Numbers 17, 8 and 9).

A.    <u>Interrogatory Number 5</u>

Interrogatory Number 5 was proposed to Defendants Ficke and Lopez, seeking information of the number of civil complaints and internal affairs complaints alleged against them from 2000 to the present. Judge Vidmar disagreed with Defendants' refusal to answer on the ground that the request was not relevant. While Judge Vidmar agreed with Defendants that evidence of culpable mental state was not relevant to Plaintiff's claims against the individual Defendants, he found that it was relevant to the question of credibility and whether Defendants possessed the culpable mental state required to sustain an award of punitive damages.

Defendants were ordered to provide information about other claims and complaints that were "similar to the remaining claims in this case against each Defendant."  Doc. 88 at 14-15.  Defendant Ficke was ordered to respond with respect to claims such as First Amendment retaliation and unreasonable search and seizure, and  Defendant Lopez was required to respond with respect to unreasonable search and seizure in application of a search warrant (including allegations that he had falsified information in connection with the obtaining of the warrant) and unlawful detention.  However, Judge Vidmar limited the time period to within ten years of the filing of the complaint.

Plaintiff objects to the ruling because it allows the Defendants to "pick and choose" what they consider to be information on similar claims and leave Plaintiff with no recourse to challenge the decision to withhold documents.  Plaintiff also contends that Defendants should be compelled to produce a privilege log for information they contend falls outside of Judge Vidmar's Order.  This objection is pointless.  Defendants partly objected on the basis of their privacy rightsand not on privilege, so the privilege log is inapplicable.  Also, as Defendants point out in their response to Plaintiff's objections, no documents have been withheld, since the request is one for information and not production.  Plaintiff's objection that Judge Vidmar's rulings allow Defendants to arbitrarily decide what to disclose has no merit, since those rulings were specific and detailed as to what information must be disclosed (civil and internal affairs complaints) on exactly what claims.  Plaintiff's objections are overruled.

B.      Interrogatory Number 6

Interrogatory Number 6 was directed to Defendants Ficke and Lopez separately.  From Defendant Ficke, Plaintiff requested a disclosure of the amount of cash given to the confidential informant (CI) as well as the source of the cash and the date and time the CI received the cash.

The interrogatory sought from Defendant Lopez the amount of money given to the CI for purchase of the narcotics from Plaintiff, the time and date of the purchase, and an explanation of what happened to the alleged narcotics.

Defendants objected to the overly broad and ambiguous nature of the request as well as the risk that the information could potentially reveal the identity of the CI. Judge Vidmar disagreed with Defendants' objection to this request based on ambiguity and breadth and found that the amount of money paid to the CI "could be relevant to his credibility." Doc. 88 at 17. He granted Plaintiff's motion to compel in part, ordering Defendant Ficke to give the total amount of cash paid to the CI regarding the events at issue in the case, including issues relating to the investigation and searches of Plaintiff's business. However, Judge Vidmar "fail[ed] to see" how Plaintiff's request for information as to the date and time the CI received the cash award (requested of Ficke) or the date and time of the narcotics buy (requested of Lopez) "would serve any purpose other than to identify the CI" and for this reason denied Plaintiff's request on those areas. Doc. 88 at 19.[1]

Clearly, the existence of the CI is central to Plaintiff's claims, but disclosure of confidential informants is a sensitive matter because it deals with an informer's privilege which is "in reality the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law. *Roviaro v. United States*, 353 U.S. 53, 62 (1957). Disclosure of informants is governed by a balancing test whereby the public's interest in protecting the flow of information and the personal safety of the informant is weighed against the individual's need for the informant's

---

[1] It appears that the request for the source of cash given is now moot, since Defendant Ficke has already provided this information to Plaintiff. Doc. 101 (Resp.) at 3. Similarly, the request for information on the amount of narcotics at issue has at least been partially answered with Defendants' production of photographs of the alleged evidence. *See* Doc. 97 at 97 ("Obviously, pictures of the alleged evidence reveals an approximate amount").

identity.  *Id.*  Mere speculation about the usefulness of an informant's testimony is not sufficient. *United States v. Zamora*, 784 F.2d 1025, 1030 (10th Cir. 1986).  The party seeking disclosure has the burden of demonstrating a need for disclosure.  *U.S. v. Martinez,* 979 F.2d 1424, 1426 (10th Cir. 1992).

Judge Vidmar noted in his Memorandum Opinion and Order that the instant case "is not a criminal prosecution" and that the informant's participation in this case "is more akin to that of a "tipster."  Doc. 88 at 23.  He also noted that this is a civil action which would make an informer's privilege "arguably stronger" because "the constitutional guarantees assured to criminal defendants are inapplicable."  *In re Search of 1638 E. 2nd St.*, 993 F.2d 773, 774 (10t'h Cir. 1993).  On the other side of the balancing test, Judge Vidmar recognized that this case not only involved the usual question of whether probable cause was supported by the "totality of the circumstances" in the issuing of the warrants, but also concerned "whether Defendants Ficke and Lopez made false allegations from the outset."  Doc. 88 at 23.

Plaintiff's position has been, and still is, that the CI is fictitious.  Plaintiff maintains that he has a right to the evidence requested in Interrogatory Number 6 in order to clear his name.  He assumes, probably correctly, that Defendants will argue at trial that Plaintiff sold drugs to a CI. Judge Vidmar concluded that disclosure of the remainder of the information requested by Plaintiff on which he denied disclosure would risk revealing the identity of the CI.

The Court finds no error in the rulings on this Interrogatory with respect to the information requested from either Defendant.  Judge Vidmar parsed out the information requested in this Interrogatory in detail, carefully considered Defendants' objections to providing this information and rejected some of them, and ended up granting all of Plaintiff's requests for information that could be disclosed without the danger of unnecessarily disclosing the identity of

the CI. His rulings were solidly founded on well-established case precedent and were tailored to meet the needs of both the personal safety of the CI as well as his concern that Plaintiff would be able to obtain information that was relevant to Plaintiff's claims. Therefore, Plaintiff's objections to Judge Vidmar's rulings on Interrogatory Number 6 are overruled.

### III. Interrogatories Numbers 8, 9 and 17

These interrogatories sought detailed and specific information about the CI. Number 7 sought the name, address, date of birth and social security number of the CI, as well as the informant's criminal history. Numbers 8 and 9 requested information on the number of times the informant had been used prior to the CI's use in obtaining the affidavit for the search warrant at issue in this case; whether contraband was purchased during each of those times and whether the purchase was for a controlled substance. Number 9 also asked for information on whether the CI was paid and the amount that was paid.

Defendants objected to these requests as being misleading, ambiguous and irrelevant and not reasonably limited in time or scope. They also objected on the basis that disclosure of this information could reveal the CI's identity and place that person or others in jeopardy of being harmed. Judge Vidmar found that while the interrogatories were overbroad, they were reasonably calculated to lead to the discovery of admissible evidence, and "at least part of the information sought is essential to the fair determination of Plaintiff's cause." Doc. 88 at 24. To that end, Judge Vidmar set forth a meticulous, step-by-step in camera examination schedule for the parties so that the Court could make the appropriate inquiries and determine whether disclosure was warranted on any of areas requested by Plaintiff in those Interrogatories. The decision to conduct an in camera review was based on the result of Judge Vidmar's balancing of the interests of the parties "to reach an equitable outcome." Doc. 88 at 24. Judge Vidmar

acknowledged that some of this information was critical because of the crucial role the CI plays in this case, but that the "difficult question is how to get at the information":

> On the one hand, the Court acknowledges that ordering Defendants to answer the interrogatories may potentially expose the confidential informant and Defendants to adverse consequences. On the other hand, to refrain from ordering Defendants to answer the interrogatories may eliminate Plaintiff's ability to question a seemingly integral witness to the incidents and activities that form the basis of his claims. Thus, the Court must balance the interests of the parties to reach an equitable outcome.

Doc. 88 at 24. The results of the in camera procedure would determine what further information (if any) Defendants would be compelled to provide. Despite the fact that the process has yet to take place, Plaintiff objects to Judge Vidmar's decision to utilize that process, contending that Judge Vidmar's order "exceeds what is permissible." Doc.97 at 9. Plaintiff apparently believes that he is entitled to the information requested and there is no legal support for Judge Vidmar to have denied him access to that information. He maintains that while an in camera review is meant to limit disclosure of the actual identity of the alleged CI, it should not be used to limit disclosure of facts pertaining to the case such as date, time and amount of drugs. Plaintiff also contends that Judge Vidmar is impermissibly using the in camera process to assess credibility, rather than to determine whether the CI is a crucial witness, as is the standard. *See United States v. Moralez*, 908 F.2d 565, 569 (10th Cir. 1990) (remanding to district court to hold in camera hearings to determine whether the informant's testimony is relevant and whether disclosure is warranted).

Plaintiff does not seem to grasp the notion that the identity of a CI can be revealed by providing information *other than* the CI's name and address. For example, as Defendants point out, an informant gets paid generally on the same day that the controlled buy occurs, so providing information on the date and time on which the CI is paid is likely to lead to the identity

8

of the informant.  Plaintiff's claim that he is unequivocally entitled to the information he requests completely ignores the case law that affords privilege to confidential informants.  The crucial question is whether the CI exists, rather than the identity of the CI.  As Defendants point out, the revelation of the CI in this case would actually hamper Plaintiff's case and possibly subject Plaintiff's case to perjury if this informant does in fact exist, since Plaintiff's position all along has been that he never sold drugs to anyone in his shop or in his entire life.[2]

Plaintiff also argues that "[n]o cases use an in camera review to adjudicate credibility of material witnesses."  Doc. 97 at 9.  Plaintiff is wrong for two reasons.  First, the in camera procedure set up by Judge Vidmar is not intended to "adjudicate credibility" as Plaintiff contends.  The in camera procedure is described as follows:

> (1) The Court (Judge Vidmar) will issue an ex parte order to Defendants' counsel to produce Defendants Ficke and Lopez, as well as the informant;
>
> (2) Both parties will be allowed to file a brief list of questions to be asked of Defendants Ficke and Lopez regarding the informant's identity, and asked of the informant as well.  The Court (Judge Vidmar) will ask those questions on the list that it deems appropriate, and will explain its reasoning on the record for declining to ask any of the listed questions.  Unacceptable questions would include those questions tending to disclose the identity of the informant.  The Court will conduct its own examination of Defendants as well;
>
> (3) A transcript will be made of the in camera examination and sealed, and counsel for either party may request a copy of the transcript from which identifying information for the CI will be redacted.

Doc. 88 at 25-26.  This process does not call for any adjudication of credibility, but rather affords counsel, including Plaintiff's counsel, the ability to have as much of the requested information as possible without revealing the CI's identity.  Credibility is not adjudicated, although the Court supposes that counsel would be free to make that assessment as they wish, based on the transcript of the in camera examination.

---

[2] The Court supposes that the converse is also true in that the Defendant officers could be subject to perjury, among other charges, should it turn out that the CI does not exist after all.

Plaintiff is also wrong in claiming that the procedure is improper because it should be restricted to determining whether the CI should be a witness. In *Rodriguez v. City of Springfield,* 127 F.R.D. 426 (D. Mass. 1989), another civil rights case, the court conducted an in camera review in order to address plaintiff's interest in discovery while protecting the informant's interest in anonymity. In *Rodriguez,* as in the instant case, the plaintiff alleged that the warrant affidavit contained deliberate falsehoods, based on information supplied by a CI. The court recognized the dilemma for the plaintiff:

> It is difficult to imagine how this plaintiff could hope to make the substantial showing necessary in a "false affidavit" case without at least some access to the confidential informant. The plaintiff herself was not involved in the preparations for the search, or present at the time of the search itself. She can only deny, as she does here, that the target individuals were present, and the target activity took place, in her home. One can assume, on the other hand, that the officer's testimony will be largely consistent with his affidavit. Unless officers are to be, as a practical matter, entirely insulated from any civil rights actions arising from illegal searches conducted as a result of information purportedly received from a confidential informant, it would seem some discovery must be permitted.

*Rodriguez*, 127 F.R.D. at 429.

The in camera procedure being used by Judge Vidmar in this case is very similar to the procedure the court used in *Rodriguez*. Plaintiff has implied that Judge Vidmar has invented this particular procedure out of whole cloth, but clearly it is based to a large degree on what the court fashioned in *Rodriguez*. *Rodriguez* also acknowledged that while the in camera review "had deficiencies both for the defendant and the plaintiff, it offers itself as the fairest and most expeditious method for balancing the parties' competing interests." *Id.* at 431. One can say the same about the use of the in camera process here. Judge Vidmar summed up the issue thus:

> At its core, Plaintiff's civil rights action is targeting Defendants' credibility including, but not limited to, their vetting of the confidential informant, the alleged buying and selling of drugs at the Plaintiff's place of business, and the issuing of the search warrants against the Plaintiff. To that end, Plaintiff argues

that information about the confidential informant—including whether he does, in fact, exist—is critical in order to discredit or impeach Defendants' allegations.

Doc. 88 at 24. The Court finds that the in camera review set up by Judge Vidmar is appropriate and best suited for this purpose, and overrules Plaintiff's objections.

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Objections to United States Magistrate Judge's Order Denying in Part Plaintiff's Motion to Compel **(Doc. 97)** are hereby OVERRULED. After reviewing all the evidence, the Court finds that those factual findings and legal conclusions are not clearly erroneous or contrary to law. The in camera procedure described in Judge Vidmar's Memorandum Opinion and Order (Doc. 88) shall proceed, following Judge Vidmar's modification of the relevant dates for the procedure.

_____
UNITED STATES DISTRICT JUDGE